**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 24 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALVIN D. ESNAULT,

      Plaintiff-Appellant,

v.

JOHN SUTHERS; JOHN PERKO;
ROBERT FURLONG; TIM CHASE;
LUANN WINDOM; JUDY KAIN;
BILL OWENS; BEN GRIEGO;
MARK BROADDUS; LLOYD
WAIDE; DOLORAS MONTOYA;
JOSEPH MCGARRY; and JANELLE
BUCHANAN,

      Defendants-Appellees.

No. 01-1276

(D.C. No. 00-Z-2424)

(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The case is therefore ordered submitted without oral argument.

Appellant Alvin D. Esnault Jr., a state prisoner proceeding pro se, appeals the district court's order dismissing his second amended complaint as frivolous. Mr. Esnault filed an amended § 1983 complaint seeking unspecified injunctive and declaratory relief for Defendants' failure to provide him with interferon or ribavirin shots after he was diagnosed with hepatitis C in 1993. On April 6, 2001, the district court directed Mr. Esnault to file a second amended complaint specifying each Defendant's personal participation in the acts that allegedly violated Mr. Esnault's Eighth Amendment rights. On May 10, 2001, Mr. Esnault filed a second amended complaint. On May 23, 2001, the district court dismissed Mr. Esnault's second amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous for failure to allege sufficient facts which would demonstrate Defendants' personal participation in the alleged constitutional violations.

The district court granted Mr. Esnault leave to proceed pursuant to the federal in forma pauperis statute, 28 U.S.C. § 1915. Section 1915(e)(2)(B) authorizes a district court to dismiss an action if it is frivolous. A claim is legally frivolous when the plaintiff asserts a violation of a legal interest that does not exist or when the plaintiff asserts facts that do not support a claim. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A careful review of Mr. Esnault's second amended complaint fails to demonstrate sufficient facts showing how each

individual defendant participated in the alleged violation of Mr. Esnault's constitutional rights. As the district court correctly stated, showing that each defendant's personal participation caused the deprivation of a federal right is essential to a § 1983 action. Kentucky v. Graham, 473 U.S. 159, 166 (1985); Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976).

We have carefully reviewed Mr. Esnault's second amended complaint and the record. For substantially the same reasons underlying the district court's May 23, 2001 Order, we affirm the dismissal of Mr. Esnault's complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

Appellant's motion to proceed without prepayment of the filing fee is granted. We remind Appellant that because his motion to proceed in forma pauperis on appeal was granted, he must continue making partial payments on court fees and costs previously assessed until such have been paid in full.

AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge